Pempa v. Holder

BIA
Elstein, IJ
A097 485 497

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

NGAWANG PEMPA,
AKA CHIHIRING SHERPA NORPU,
AKA CHHIRING SHERPA NORPU,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

11-3035-ag
NAC

_____

FOR PETITIONER:     Jin Hu, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; James A. Hunolt, Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ngawang Pempa, who claims to be a native of Tibet and citizen of China, seeks review of a June 27, 2011, order of the BIA affirming the July 29, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ngawang Pempa*, No. A097 485 497 (B.I.A. June 27, 2011), *aff'g* No. A097 485 497 (Immig. Ct. N.Y. City July 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009).

Pempa challenges the agency's denial of his application for asylum and withholding of removal, arguing that through his credible testimony, he established and reasonably

-2-

corroborated his identity and his claim of persecution in Tibet on account of his political opinion. We deny the petition for review, as the agency's adverse credibility determination is supported by substantial evidence. *Shi Jie Ge,* 588 F.3d at 93-94

In finding Pempa not credible, the agency reasonably relied on testimony that was internally inconsistent and conflicted with witness testimony as well as other evidence in the administrative record. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).[1] As the agency observed, Pempa's testimony was inconsistent with the testimony of his sole witness regarding the distance between their homes in Tibet, Pempa's employment in Tibet, which animals the witness raised in Tibet, whether Pempa had ever met the witness's husband, and where Pempa and the witness first saw each other in the United States. The agency also noted internal inconsistencies in Pempa's testimony regarding when he first met the Tibetan businesswoman who gave him a video showing oppression of Tibetan political dissidents, how often Pempa

---

[1] In *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008), we recognized that the Real ID Act abrogated in part the holding in *Secaida-Rosales* for cases filed after May 11, 2005, the effective date of the Act. *Id.* Because Pempa's application was filed before this date, *Secaida-Rosales* remains good law. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

worked for this businesswoman, and when he was arrested for possession of the video. Finally, as the agency observed, Pempa's testimony that he threw away his Chinese national identification card en route to Nepal conflicted with his prior statement that this card was seized by the Chinese police.

Pempa attempted to explain his inconsistencies by asserting that his prior inconsistent testimony was a "mistake" and that his witness didn't "remember exactly." However, the agency reasonably declined to credit these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Some of the inconsistencies noted by the agency, such as the animals the witness raised in Tibet or the number of times per year the Tibetan businesswoman visited Pempa, standing alone, are "relatively minor and isolated and do not concern material facts." *See Diallo v. BIA*, 548 F.3d 232, 234 (2d Cir. 2008) (citing *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006)). However, when considered cumulatively, the BIA reasonably determined that the

-4-

inconsistencies and contradictions in the administrative record support the IJ's adverse credibility finding. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citations omitted); *see also Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006) ("our review does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant's testimony") (internal citation omitted). Because the record supports the agency's conclusions, a reasonable fact-finder would not be compelled to conclude to the contrary. *See Xian Tuan Ye*, 446 F.3d at 294.

Because the adverse credibility determination in this case necessarily precludes Pempa from demonstrating either his identity or that he suffered persecution, it necessarily precludes success on his claim for asylum and withholding of removal, rendering his other arguments moot. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wangchuck v. DHS*, 448 F.3d 524, 528-29 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk